**Joseph ROBERTS and Wanda Roberts, Plaintiffs,**

v.

**James F. MURPHY, et al., Defendants.**

**Civ. A. No. 87-2392-C.**

United States District Court,
D. Massachusetts.

May 10, 1988.

---

Ignatius R.J. Piscitello, Lawrence, Mass., for plaintiffs.

Richard E. Brody, Leonard H. Kesten, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

In the present action, the plaintiff, Joseph Roberts, seeks recovery for damages inflicted when, as alleged in the complaint, he was assaulted by a Haverhill police officer while he was in custody and then became the victim of a conspiracy to cover up the incident. In Count I, the plaintiff seeks damages under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights. In Count II, the plaintiff asserts a state law claim for emotional distress. Count III of the complaint consists of a state law claim by plaintiff Wanda Roberts for the loss of consortium she allegedly suffered as a result of the effect of the defendants' actions on her son. The defendants have moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment under Rule 56.

The facts as alleged in the complaint are as follows: On or about October 1, 1982, plaintiff Joseph Roberts, then seventeen years old, was arrested and taken into custody by the Haverhill police on charges of breaking and entering and transportation of alcohol. After the plaintiff was placed in a cell, defendant James Murphy, a Haverhill police officer, entered the lockup and assaulted the plaintiff by aiming an unloaded shotgun at him through the bars of the cell and repeatedly pulling the trigger. During the entire incident, Officer Murphy yelled continuously at the plaintiff.

Immediately after the incident, defendant James Ryan, another Haverhill police officer, entered the lockup and questioned the plaintiff about the events that had just transpired. Officer Ryan, according to the complaint, had been just outside the lockup during the alleged assault and was able to hear Officer Murphy's yelling. Although the plaintiff was visibly upset, Officer Ryan did not report or pursue the matter with either Officer Murphy or anyone else.

Nothing was apparently done about the incident by either the plaintiffs or anyone else until October 28, 1984, more than two years later. At that time, for reasons not evident from the complaint, Officer Ryan reported the assault to defendant William Ryan, the mayor of Haverhill. Mayor Ryan referred Officer Ryan to defendant Daniel Fasulo, the Chief of the Haverhill Police Department. Chief Fasulo in turn wondered why Officer Ryan was reporting the matter for the first time more than two years after the incident had taken place. Deputy Chief Donald Shea, also a defendant herein, suggested that Officer Ryan forget about the incident because it had occurred too long ago.

A year and a half passed before the matter was once more considered by the Haverhill police. In February, 1986, the incident came to light at a hearing held to review Mayor Ryan's decision not to pro-

mote Officer Murphy to captain. As a result of that hearing, Chief Fasulo ordered an investigation into the 1982 incident. While the results of this investigation were still pending, the plaintiff applied to the Haverhill District Court for a criminal complaint based on the assault to issue against Officer Murphy. Before any decision was made on the plaintiff's application, Chief Fasulo completed his investigation and ordered the matter closed due to insufficient evidence. This decision was relayed to the Clerk–Magistrate's Office of the Haverhill District Court. On August 5, 1986, the Clerk–Magistrate notified the plaintiff that no criminal complaint would issue. Plaintiff's appeal of this decision was decided against him on December 3, 1986. On September 30, 1987, the plaintiff filed the present case.

Plaintiff's complaint sets forth two theories of liability under 42 U.S.C. § 1983. With respect to defendants Murphy and the City of Haverhill, the plaintiff seeks recovery for damages arising directly from the assault which the plaintiff alleges deprived him of his constitutional right to be free from unwarranted assault and brutal punishment, among other things.[1] With respect to the other defendants, the complaint alleges that the various parties conspired to cover up the incident, thereby depriving him of due process, equal protection and his right to petition the government for a redress of his grievances pursuant to 42 U.S.C. § 1983. The defendants assert that this action is barred by the statute of limitations. In addition, they argue that the plaintiff has failed to plead a conspiracy to cover up the assault with the requisite specificity and that, in any event, the plaintiff cannot prove that he was damaged by any alleged conspiracy.

■ The defendants' assertions with respect to the statute of limitations are well-taken, at least to the extent that the plaintiff seeks to recover damages arising directly from the assault itself rather than the later cover-up. The statute of limitations governing an alleged civil rights violation is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985). In Massachusetts, the statute of limitations for personal injury actions is three years. M.G.L. c. 260, § 2A.[2] The alleged assault took place on October 1, 1982. Although the plaintiff was only seventeen years old at the time, this disability was necessarily removed by October 1, 1983. Therefore, at the very latest, the plaintiff had until October 1, 1986 to file an action for any damages incurred as a result of the assault. Since the complaint was not filed until September 30, 1987, this action is untimely to the extent it seeks damages from the defendants arising directly from the assault itself.

The plaintiff attempts to defeat the statute of limitations by arguing that the complaint sets forth the details of a continuing conspiracy to cover up the alleged assault which existed and was carried out as late as December 3, 1986 when the plaintiff was finally notified that no criminal complaint would issue against Officer Murphy. The plaintiff asserts that this date, and not the date of the assault, should determine the appropriate limitations period. The Court disagrees.

Even assuming that the plaintiff has adequately pleaded a conspiracy to cover up the incident, the assault was not within the scope of the conspiracy alleged. The assault was a discrete incident which gave rise to a cause of action against Officer Murphy, and perhaps the City of Haverhill, on the date that it took place. As alleged in the complaint, any attempt by the defendants to cover-up the incident was a separate and distinct wrong which occurred after the events giving rise to the plaintiff's original cause of action. *See Landrigan v. City of Warwick*, 628 F.2d 736, 741

---

1. The liability of the City for Officer Murphy's actions is premised on plaintiff's allegations that the City's policies of inadequately training and supervising its officers resulted in the alleged constitutional violation. *See Kibbe v. City of Springfield*, 777 F.2d 801, 803 (1st Cir.1985).

2. M.G.L. c. 260, § 5B provides a three year statute of limitations for civil rights violations occurring under state law.

(1st Cir.1980). More importantly, the cover-up obviously could not conceal the assault from the plaintiff, its victim. Thus, even if it continued up until the date this action was filed, plaintiff's original cause of action against Officer Murphy was in no way affected by the conspiracy. That cause of action accrued on the date that the alleged assault was committed. The complaint alleges nothing which prevented the plaintiff from filing an action within the applicable limitations period to recover the damages he now seeks.

To be sure, the Court notes that the plaintiff's complaint alleges that he was misled concerning the internal department investigation and that he believed that the matter would be looked into and properly addressed. One might infer from these allegations that had the plaintiff known that the department would not adequately investigate the incident, he would not have waited to seek damages. Be that as it may, this fact, if proved, would not excuse the plaintiff from failing to file this action within the three year limitations period. Unlike a civil rights damage action, neither an internal investigation nor the issuance of a criminal complaint would have served to vindicate the constitutional wrongs inflicted on the plaintiff. An investigation would have operated only to expose and discipline the misconduct, as a criminal charge would only have served to expose and punish a violation of state law. *Pitt v. City of New York*, No. 82 Civ. 3349 (S.D.N.Y. Dec. 10, 1984) (Westlaw [1984 WL 1323]). At most, the investigation and criminal charges were courses of action for plaintiff to pursue in addition to filing a § 1983 action. Neither was a substitute for, nor prevented the plaintiff from filing, a damages action based on the assault. For whatever reason, the plaintiff decided

to seek an internal investigation rather than a remedy under § 1983. This was an option open to the plaintiff, but one which did not stop the running of the statute of limitations.

■ To the extent that the complaint alleges that the conspiracy to cover-up the assault is itself actionable under § 1983, the Court rules that the plaintiff has failed to state a claim for which relief may be granted. The essence of plaintiff's grievance is the failure of the defendants to investigate the assault and prosecute its perpetrator. However, the Court is not aware of, and plaintiff has not directed its attention to, any authority giving plaintiff an enforceable right under federal law to have the matter investigated and prosecuted. Unless the defendants' conduct deprived the plaintiff of a federal right, the plaintiff cannot sustain an action under § 1983.[3]

The Court rules that the plaintiff's claims are properly dismissed for the above-stated reasons. Because the validity of Wanda Roberts' claim for loss of consortium depends on the validity of Joseph Roberts' claims, Count III of the claim is also dismissed.[4]

Order accordingly.

---

**3.** To the extent that the complaint suggests that the conspiracy deprived plaintiff of his right to seek damages for the assault because of the running of the statute of limitations, even if the deprivation of a § 1983 action is itself actionable under § 1983, the Court has already indicated that the cover-up could in no way have concealed the cause of action created by the assault from its victim. The plaintiff at all times knew of the assault and could have sued for damages within the limitations period. Only his own delay, not the defendants' conduct, deprived him of his § 1983 action.

**4.** Because no evidence was presented on these motions the Court chooses to treat the motion as one for dismissal under Rule 12(b)(6) rather than a summary judgment motion. The papers filed by the parties were rather confused on exactly what relief was being sought by the defendant.